(No. 5621.  November 12, 1930.)

JOHN H. MYER, Appellant, v. ADA COUNTY, IDAHO, and C. E. BULLOCK, Respondents.

[293 Pac. 322.]

Oppenheim & Lampert, for Appellant.

Carl A. Burke, Prosecuting Attorney for Ada County, and Thornton D. Wyman, for Respondents.

GIVENS, C. J.—In a quarterly report presented to the county commissioners, John H. Myer asked for an allowance of a fee of six dollars in each of seventeen criminal actions and a fee of four dollars in one other action. All of the cases had been dismissed without a trial or preliminary examination.

The pertinent portion of C. S., sec. 3710, controlling herein, is:

"For all services and proceedings before a justice of the peace in a criminal action or proceeding on examination, when an examination is not waived, or trial upon an issue of fact ...... $6.00."

"When an examination is waived or there is a plea of guilty ...... $3.00."

▇ Appellant contends that the words "all services and proceedings" were intended by the legislature as an omnibus clause and include cases dismissed without examination or trial. Statutes as herein are to be strictly construed and only compensation expressly provided for may be allowed. (35 C. J. 469.)

▇ General terms are limited not only by qualifying words and phrases but also by the subject matter. This applies particularly to the use of the word "all." (Black on Interpretation of Laws, 2d ed., p. 197.)

▇ The general words "all services and proceedings" are qualified by the phrase "on examination" and the phrase "(on) trial upon an issue of fact," and also by the clause "when an examination is waived or there is a plea of guilty." Not all services and proceedings are to be rewarded with a fee of six dollars but "all services and proceedings .... on examination or (on) trial upon an issue of fact." There is no provision for a fee of six dollars or any other fee where there is a dismissal without examination.

A reference to its history shows this is the proper construction of the section. As originally adopted in 1864 it provided for a fee of six dollars "for all services and proceedings before a justice of the peace in a criminal action or proceeding whether on examination or trial." (Laws of Idaho, 1864, p. 510.) An amendment in 1871 reduced the fee to three dollars. (Laws of Idaho, 1871, p. 15.)

The phrase "on examination" first appeared in an amendment in 1881 and supplanted the previous qualifying clause "whether on examination or trial." A reading of the context of the act of 1864, and the act as amended, convinces us that the qualifying clause, "whether on examination or trial" in the original act, and the qualifying phrase, "on examination," in the present act refer to the clause "all services and proceedings" and not solely to the last antecedent. The rule that a qualifying clause refers solely to the last antecedent is of no great force, and a slight indication of a contrary legislative intent may overturn it. (Sutherland on Statutory Construction, 2d ed., p. 812.)

We therefore hold that a fee of six dollars may be allowed to a justice of the peace in a criminal action or proceeding only where there is an examination or trial. Where the examination is waived or there is a plea of guilty, the fee is three dollars.

Judgment is affirmed.

Budge, Lee, Varian and McNaughton, JJ., concur.