797 P.2d 1385

**GEORGE W. WATKINS FAMILY, an Idaho general partnership, and Hope C. Watkins, individually and as personal representative of the estate of George M. Watkins, Sr., Plaintiffs–Respondents,**

v.

**Harry MESSENGER, Defendant–Appellant,**

and

**Farmer's Exchange, Inc., a forfeited Idaho corporation, Blake Boyce, and all other unknown persons who may claim an interest under the above-named persons in that certain real property described herein and located in the West Broadway addition to the city of Idaho Falls, Bonneville County, Idaho, Defendants.**

No. 18176.

Supreme Court of Idaho.

Sept. 24, 1990.

Anderson, Pike & Bush, Idaho Falls, for defendant-appellant. Anne M. Bedinghaus O'Brien, argued.

Petersen, Moss, Olsen, Meacham & Carr, Idaho Falls, for plaintiffs-respondents. Earl Blower, argued.

BOYLE, Justice.

The sole issue presented in this appeal is whether interest on a judgment accrues at the statutory rate of interest in effect at the time judgment is entered, or whether the rate of interest as thereafter amended applies to a judgment where the underlying cause of action had accrued prior to the effective date of the amended statute.

The underlying action concerned the validity of a written lease. A two-day court trial ended with the trial court finding in favor of plaintiffs-respondents Watkins and judgment was entered on May 21, 1987. Defendant-appellant Messenger appealed and the Idaho Court of Appeals affirmed the decision of the district court except as to an award of discretionary costs. *See* *George W. Watkins Family v. Messenger*, 115 Idaho 386, 766 P.2d 1267 (Ct.App.1988), for the underlying facts and prior proceedings. Following the first appeal, the parties settled all cost issues except the determination of the rate of interest to be applied to the post-judgment award which was submitted to the district court.

At the time judgment was entered on May 21, 1987, the statutory rate for post-judgment interest was eighteen percent. However, I.C. § 28–22–104 was amended effective July 1, 1987, and the method to determine the rate for post-judgment interest was changed to a statutory formula subject to adjustment each succeeding July 1. Upon remand the trial court determined that the pre-amendment interest rate of eighteen percent applied to this judgment and that the interest rate on this judgment where the underlying cause of action had

accrued prior to July 1, 1987, was not subject to the new post-judgment interest rate formula.

Messenger asserts on appeal that when the amendment to I.C. § 28–22–104 became effective on July 1, 1987, the lower amended interest rate would apply to the judgment entered against him and cites *Idaho Falls Bonded Produce Co. v. General Mills Restaurant Group, Inc.*, 105 Idaho 46, 665 P.2d 1056 (1983) and *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 54 Idaho 765, 37 P.2d 407 (1934) as supporting that position.

In *Idaho Gold Dredging* this Court stated:

> Interest upon a judgment is not a matter of contract but is wholly statutory. A judgment can bear interest at such a rate only as the law provides. Since the judgment in this case was entered chapter 197 of the 1933 Session Laws reduced the rate of interest upon judgments from seven per cent to six per cent. After the effective date of the amendment there was no law in this state authorizing interest upon judgments at any other rate than six per cent. The judgment in this case bears interest at the rate of seven per cent per annum from entry, until the effective date of the amendment, and six per cent thereafter. The fact that the original judgment on its face provides for interest at seven per cent is of no consequence since the court had no power to provide for a rate other than that provided by law.

*Id.*, 54 Idaho at 777–78, 37 P.2d at 412 (citations omitted).

While *Idaho Gold Dredging* and *Idaho Falls Bonded Produce* correctly state the general case law in this state, both fail to resolve the issue presented in this case because of the language of the 1987 legislation dealing specifically with causes of action accruing on or after July 1, 1987. The pertinent portion of Idaho Session Laws, ch. 278, § 7 (1987) reads as follows:

That Section 28–22–104, Idaho Code, be, and the same is hereby amended to read as follows:

28–22–104. LEGAL RATE OF INTEREST. (1). . . .

(2) The legal rate of interest on money due on the judgment of any competent court or tribunal shall be ~~eighteen cents (18¢) on the hundred by the year~~ the rate of five percent (5%) plus the base rate. The base rate shall be determined on July 1 of each year by the Idaho state treasurer and shall be the weekly average yield on United States treasury securities as adjusted. . . . The announced base rate shall apply to all such judgments during the succeeding twelve (12) months. (Emphasis in original.)

Idaho Session Laws, ch. 278, § 18 (1987) states the following:

The provisions of this act shall take effect on July 1, 1987, provided however, that *Section 1 through 11 shall apply only to causes of action which accrue on and after July 1, 1987.* Provided further, that Section 6–1603, Idaho Code as enacted herein, is hereby repealed and does sunset for causes of action which accrue after June 30, 1992. (Emphasis added.)

Of the nineteen sections in chapter 278, seventeen[1] are substantive sections dealing with various changes in several laws. The Idaho legislature specifically included section seven, which changed the post-judgment interest rate, within the group of sections that would apply only to causes of action accruing on and after July 1, 1987.

In construing legislative acts it is not the business of the court to deal in any subtle refinements of the legislation, but our duty is to ascertain, if possible, from a reading of the whole act, and amendments thereto, the purpose and intent of the legislature and give force and effect thereto. *State v. Groseclose*, 67 Idaho 71, 171 P.2d 863 (1946). Statutes must also be construed as a whole without separating one provision from another. *Sherwood & Rob-*

---

1. Sections eighteen and nineteen are the two non-substantive sections of the act. Section eighteen is cited above. Section nineteen deals with the severability of the act in the event any section is declared invalid.

*erts, Inc. v. Riplinger,* 103 Idaho 535, 650 P.2d 677 (1982); *Idaho Power Co. v. Idaho Pub. Utils. Comm'n,* 102 Idaho 744, 639 P.2d 442 (1981). The primary function of the court in construing a statute is to determine legislative intent and give effect thereto. *Carpenter v. Twin Falls County,* 107 Idaho 575, 691 P.2d 1190 (1984); *Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983).

■ A reading of the entire act before us clearly demonstrates that it was the legislature's express intention that the amendment to I.C. § 28–22–104 applied only to causes of action accruing on and after July 1, 1987. The fact that the legislature specifically included section seven which contained the new post-judgment interest formula within the first eleven sections of the act, clearly demonstrates its intent that the annual adjustment to post-judgment interest rates applied only to those causes of action accruing on and after July 1, 1987. The record clearly discloses that the cause of action in the instant case accrued prior to July 1, 1987, and the judgment was signed and entered on May 21, 1987, several weeks prior to the effective date of amended I.C. § 28–22–104.

■ As to our construction of the 1987 amendment to I.C. § 28–22–104, our role on judicial review is well defined by our prior decisions. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *State v. Ankney,* 109 Idaho 1, 704 P.2d 333 (1985); *Walker v. Hensley Trucking,* 107 Idaho 572, 691 P.2d 1187 (1984); *State, Dep't Law Enforcement v. One 1955 Willys Jeep, VIN 573481691,* 100 Idaho 150, 595 P.2d 299 (1979); *White v. Pierce,* 834 F.2d 725 (9th Cir.1987). Were we to ignore the clear and unequivocal language of section eighteen limiting application of the new formula to causes of action accruing on or after July 1, 1987, we would in effect render that portion of the statute meaningless. It is well established that we are required to give effect to every word, clause and sentence of a statute, *University of Utah Hosp. & Medical Center v. Bethke,* 101 Idaho 245, 611 P.2d 1030 (1980), and the construction of a statute should be adopted which does not deprive provisions of the statute of their meaning. *Belt v. Belt,* 106 Idaho 426, 679 P.2d 1144 (Ct.App.1984).

■ It is assumed that when the legislature enacts or amends a statute it has full knowledge of the existing judicial decisions and case law of the state. *C. Forsman Real Estate Co. v. Hatch,* 97 Idaho 511, 547 P.2d 1116 (1976); *Idaho Mut. Benefit Ass'n v. Robison,* 65 Idaho 793, 154 P.2d 156 (1945); *Viking Pools, Inc. v. Maloney,* 48 Cal.3d 602, 257 Cal.Rptr. 320, 770 P.2d 732 (1989); *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984). The existing case law in Idaho clearly provides that the post-judgment interest rate would be changed when an amendment to the statutory rate became effective. *Idaho Falls Bonded Produce Co. v. General Mills Restaurant Group, Inc.,* 105 Idaho 46, 665 P.2d 1056 (1983); *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.,* 54 Idaho 765, 37 P.2d 407 (1934). However, in this case the legislature clearly and unequivocally expressed a different intent when it amended I.C. § 28–22–104 in 1987. Since post-judgment interest is purely a statutory creature, *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.,* 54 Idaho 765, 37 P.2d 407 (1934), the legislature is not bound by judicial decisions or case law in amending statutorily created rights such as interest on judgments.

■ The legislature is presumed not to intend to overturn long established principles of law unless an intention to do so plainly appears by express declaration or the language employed admits of no other reasonable construction. *Doolittle v. Morley,* 77 Idaho 366, 292 P.2d 476 (1956). Since the legislative intent in this case is clearly expressed in the legislative enactment amending I.C. § 28–22–104, *Idaho Gold Dredging* and *Idaho Falls Bonded Produce* are not controlling and certainly do not prevent the legislature from amending the process and formula by which interest accrues on judgments. The cause of action in the present case accrued prior to July 1, 1987 and the lower post-judgment

interest rate provided in the 1987 amendment to I.C. § 28–22–104 is not applicable to the judgment.

■ Messenger argues that the enactment section (§ 18) of the act conflicts with the express language of the statute that the amendment will apply to "all such judgments." The general terms in a statute, especially the word "all," are limited by qualifying words and phrases. *Myer v. Ada County,* 50 Idaho 39, 293 P. 322 (1930). In the instant case, the word "all" is limited by the language of section 18 to be applicable only to those causes of action accruing on or after July 1, 1987. Accordingly, we do not adopt the interpretation urged by appellant.

■ In his reply brief Messenger raises for the first time and argues that applying section 18 of the act would in effect create two classes of judgment creditors and constitutes a violation of his equal protection rights under the United States Constitution and the Idaho Constitution. It is a basic and well established rule of this Court that constitutional issues will generally not be considered when raised for the first time on appeal. *Sullivan v. Sullivan,* 102 Idaho 737, 639 P.2d 435 (1981); *Oregon Shortline R.R. v. City of Chubbuck,* 93 Idaho 815, 474 P.2d 244 (1970). *Accord Noble v. State,* 240 Kan. 162, 727 P.2d 473 (1986); *Irvine v. St. Joseph Hospital, Inc.,* 102 N.M. 572, 698 P.2d 442 (App.1984) (constitutional question will not be considered for first time on appeal despite assertion that claim should be considered for fairness); *Colgan v. State, Dep't of Rev., Etc.,* 623 P.2d 871 (Colo.1981); *Glick v. Town of Gilbert,* 123 Ariz. 395, 599 P.2d 848 (App. 1979); *Bernstein v. State,* 53 Wash.App. 456, 767 P.2d 958 (1989) (constitutional question first raised on appeal will not be considered unless issue involved jurisdiction of court). This issue was not raised or developed at an earlier stage of the appeal proceedings or at the district court level and we therefore decline to consider it on appeal.

The decision of the district court is affirmed. Costs to the respondent. No fees awarded on appeal.

BAKES, C.J., JOHNSON and McDEVITT, JJ., and WOODLAND, District Judge Pro Tem., concur.