17 P.3d 296

Shawn ZENER and Marla Zener, husband and wife, Plaintiffs–Appellants,

v.

Doris M. VELDE, Defendants–Respondent,

and

Nancy J. Jackman, f.k.a. Nancy L. Gutierrez, Terry Donahoe and Tony Donahoe, Defendants.

No. 25090.

Court of Appeals of Idaho.

Nov. 8, 2000.

Review Denied Feb. 12, 2001.

Lukins Annis, Coeur d'Alene, for appellants. Richard W. Sweney argued.

Law Offices of Charles A. Brown, Lewiston, for respondent. Jonathan D. Hally argued.

PERRY, Chief Judge.

Shawn Zener and Marla Zener appeal from the district court's order granting summary judgment in favor of Doris M. Velde. The Zeners also appeal from the district court's award of attorney fees to Velde. We affirm.

## I.

## BACKGROUND

In April 1996, the Zeners purchased approximately fourteen acres of forested property from Nancy L. Gutierrez and Gaylord Gutierrez. As part of the transaction, the Zeners gave the Gutierrezes a promissory note secured by a deed of trust. In May 1996, Shawn Zener inspected the property and found no abnormalities. In June 1996, he again inspected the property and found that it had been logged without his permission. The Zeners filed a complaint against Nancy Gutierrez, Terry Donohoe, and Tony Donohoe. The Zeners alleged that Nancy Gutierrez had hired the Donohoes to remove trees from the property without the Zeners' permission.

In December 1996, the Gutierrezes assigned the promissory note and deed of trust to Robert Velde, who placed the documents in the name of his wife, Doris M. Velde. In May 1997, the Zeners filed an amended complaint, adding Doris M. Velde as a defendant. The Zeners sought a declaratory judgment to the effect that, because of the damage to their property, they were entitled to a reduction in the amount owed on the promissory note. Velde filed a motion for summary judgment. The district court granted Velde's motion on the ground that the Zeners were precluded by Article 3 of the Uniform Commercial Code from asserting their claim against Velde. The Zeners filed a motion for reconsideration, which was denied by the district court. Velde then filed a motion for costs and attorney fees, which was granted by the district court in the amount of $7,216.35. The Zeners appeal, challenging both the grant of summary judgment and the award of attorney fees to Velde.

## II.

## ANALYSIS

### A. Summary Judgment

On appeal, the Zeners argue that the district court erred in granting summary judgment in favor of Velde. We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct.App.1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App.1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini–Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct.App.2000). Once such an absence of evidence has been established the burden then shifts to the party opposing the

motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders,* 125 Idaho at 874, 876 P.2d at 156.

In the instant appeal, the Zeners argue that the district court erred in determining that they were precluded from asserting their claim against Velde. Article 3 of the Uniform Commercial Code governs the transfer and enforceability of negotiable instruments, such as the promissory note in the instant case. *See* I.C. §§ 28–3–102, 28–3–104. Pursuant to Article 3, the right to enforce an instrument is limited by certain defenses available to the obligor. I.C. § 28–3–305. Idaho Code Section 28–3–305(1) delineates the three categories of defenses available to the obligor to defeat recovery on an instrument:

(a) A defense of the obligor based on (i) infancy of the obligor to the extent it is a defense to a simple contract, (ii) duress, lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (iii) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (iv) discharge of the obligor in insolvency proceedings;

(b) A defense of the obligor stated in another section of this chapter or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and .

(c) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument; but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

If a person entitled to enforce an instrument is a holder in due course, the person's right to recover on an instrument is subject only to the defenses delineated in subsection (a) of that statute. I.C. § 28–3–305(2).

■ It is uncontested on appeal that Velde would not be subject to the Zeners' claim if she is a holder in due course. The district court determined that there was a genuine issue of material fact regarding whether Velde is a holder in due course, thereby making summary judgment inappropriate on that ground. The district court further determined, however, that Velde would not be subject to the Zeners' claim, regardless of her status as a holder in due course. Thus, we will focus our analysis to determine whether Velde would be subject to the Zeners' claim if she is not a holder in due course.

On appeal, the Zeners argue that Velde, as a person who is not a holder in due course, is subject to their "setoff claim" because it qualifies under I.C. § 28–3–305(1)(b) as a defense that would be available if they were enforcing a payment under a simple contract. In contrast, Velde argues that the Zeners' claim is better characterized as a "claim in recoupment" under I.C. § 28–3–305(1)(c) and that Velde is not subject to the Zeners claim because the claim does not arise from the transaction that gave rise to the promissory note. Thus, we must first determine whether the Zeners' claim against Velde is governed by subsection (b) or subsection (c) of I.C. § 28–3–305(1).

■ The interpretation of a statute is an issue of law over which we exercise free review. *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct.App. 1999). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Corder,* 133 Idaho at 358, 986 P.2d at 1024. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Messenger,* 118 Idaho at 540, 797 P.2d at 1388; *Corder,* 133 Idaho at 358, 986 P.2d at 1024.

■ The present version of Article 3 was adopted in 1993 by the Idaho legislature. 1993 Idaho Sess. Laws Ch. 288 at 1034. Although not controlling, the accompanying comments are an important aid in interpret-

ing the Uniform Commercial Code. 15A Am. Jur.2d *Commercial Code* § 3 (2000); 1 RONALD A. ANDERSON, ANDERSON ON THE UNIFORM COMMERCIAL CODE § 1–102:36 (3d ed.1996). Comment 3 to I.C. § 28–3–305 characterizes a claim "to reduce the amount owing on [a] note" as a "claim in recoupment." A person who is not a holder in due course is subject to a claim in recoupment only if the claim arose from the transaction that gave rise to the instrument. I.C. §§ 28–3–305(1)(c), 28–3–305(2). Comment 3 explains the legislative intent in limiting a transferee's liability:

> Under former Article 3, case law was divided on the issue of the extent to which an obligor on a note could assert against a transferee who is not a holder in due course a debt or other claim that the obligor had against the original payee of the instrument. Some courts limited claims to those that arose in the transaction that gave rise to the note. This is the approach taken in Section [3–305(1)(c) ]. Other courts allowed the obligor on the note to use any debt or other claim, no matter how unrelated to the note, to offset the amount owed on the note ... Subsection [ (1)(c) ] is based on the belief that it is not reasonable to require the transferee to bear the risk that wholly unrelated claims may also be asserted.

The clearly expressed legislative intent in adopting I.C. § 28–3–305(1)(c) was to clarify the law in order to prevent an obligor from raising against a transferee setoffs from a transaction other than the one that gave rise to the instrument. *See Hathorn v. Loftus,* 143 N.H. 304, 726 A.2d 1278, 1282 (1999); HAWKLAND & LAWRENCE, UCC SERIES § 3–305:7 (Rev. Art. 3, April 1999).

Based upon the language of Comment 3 of I.C. § 28–3–305, the Zeners' claim on appeal is properly characterized for purposes of the Uniform Commercial Code as a claim in recoupment. The Zeners' contention that their claim is a setoff under I.C. § 28–3–305(1)(b) must be rejected because such an interpretation of the statute would lead to the absurd result of nullifying the effect of subsection (c) and the legislative intent of limiting the risk borne by a transferee. Pursuant to subsec-

tion (c), a transferee who is not a holder in due course is subject to a claim in recoupment only if the claim arose from the transaction that gave rise to the instrument.

Pursuant to Comment 3 to I.C. § 28–3–305, the determination of whether a claim arose from the transaction that gave rise to the instrument is governed by state common law and not by Article 3 of the Uniform Commercial Code. The transaction that gave rise to the promissory note in the instant case was the sale of real property from the Gutierrezes to the Zeners. The Zeners claim in recoupment arose approximately two months after the sale when trees were allegedly removed from the property. The Zeners' claim therefore did not arise from the transaction that gave rise to the instrument but rather from a subsequent timber trespass. As a result, the Zeners are precluded under I.C. § 28–3–305(1)(c) from asserting their claim against Velde even if she is not a holder in due course.

Based upon the foregoing discussion, the district court did not err in determining that Velde's right to enforce the promissory note was not subject to the Zeners' claim in recoupment, regardless of whether Velde is a holder in due course. Consequently, the district court did not err in granting summary judgment in favor of Velde.

## B.  Attorney Fees

On appeal, the Zeners argue that the district court abused its discretion in awarding attorney fees to Velde pursuant to I.C. § 12–120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

The Zeners contend that the district court abused its discretion in awarding attorney fees because their action was a declaratory judgment action rather than an action to recover on a note.

However, the fact that a party brings a declaratory judgment action "rather than simply waiting to be sued has no bearing on the attorney fees issue" under I.C. § 12–120(3). *Continental Casualty Co. v. Brady,* 127 Idaho 830, 836, 907 P.2d 807, 813 (1995). The defendant in a declaratory judgment action should not be punished for not being the first to file a complaint with the court. *Compare id.* (explaining that plaintiff should not be punished for bringing declaratory judgment action by being denied attorney fees under I.C. § 12–120(3)).

Had Velde initially filed a suit to collect on the promissory note, Velde would have been entitled to attorney fees pursuant to I.C. § 12–120(3). Velde should not be denied those attorney fees simply because the Zeners filed a declaratory judgment action to reduce their liability on the note. Because the gravamen of the present action was the right to recover on a promissory note, we hold that the district court did not err in awarding attorney fees to Velde pursuant to I.C. § 12–120(3). For the same reasons, we grant Velde's request for costs and attorney fees on appeal.

### III.

### CONCLUSION

We hold that the Zeners were precluded by I.C. § 28–3–305 from asserting their claim in recoupment against Velde, regardless of whether Velde is a holder in due course. Therefore, the district court's order granting summary judgment in favor of Velde is affirmed. The district court's award of attorney fees to Velde pursuant to I.C. § 12–120(3) is also affirmed. Costs and attorney fees are awarded to respondent Velde on appeal.

Judge LANSING, and Judge Pro Tem SCHILLING concur.