99 P.3d 620

Jeannette JOHNSON, Plaintiff–
Respondent,

v.

Samuel SANCHEZ, Defendant–Appellant.

and

Jane Doe Sanchez, Defendant.

No. 29918.

Court of Appeals of Idaho.

Oct. 4, 2004.

Brady Law, Chtd., Boise, for appellant. Glenda M. Talbutt argued.

Owens, James, Vernon Weeks, Coeur d'Alene, for respondent. Leander L. James, IV argued.

PERRY, Judge.

Samuel Sanchez appeals from the district court's order and amended judgment awarding attorney fees to Jeannette Johnson pursuant to I.C. § 12–120(4). We affirm.

## I.

## FACTS

In October 1999, Johnson's vehicle was rear-ended at a high rate of speed by Sanchez. As a result of the accident, Johnson sustained soft-tissue injuries that required medical treatment. In May 2001, Johnson submitted a "statement of claim" pursuant to I.C. § 12–120(4) to Sanchez's insurance carrier. The statement of claim outlined Johnson's damages, including medical bills, future medical bills, lost income, and general damages. In the statement of claim, Johnson demanded $22,500 for settlement of the claims. In addition, Johnson included narrative summaries of her damages and provided copies of her medical records and bills to date and photographs of the accident scene. Johnson waited more than sixty days and then filed a complaint against Sanchez seeking damages not exceeding $25,000.

After filing the complaint, Johnson filed an offer of settlement pursuant to I.C. § 12–301, in which she offered to settle her claims for $20,000. The parties did not reach a settlement and a trial was held. During the trial, Johnson presented testimony and argument to the jury reflecting her damages in an amount greater than the amount demanded in her statement of claim. A jury returned a verdict in favor of Johnson in the amount of $21,126 in special and general damages.

Johnson filed a memorandum of costs, interest, and attorney fees pursuant to I.C. § 12–120(4). Sanchez filed a motion to disallow attorney fees on the ground that Johnson had waived her right to attorney fees by asserting "significant new item[s] of damage" during the trial. After hearing argument on the issue, the district court awarded Johnson $24,434.80 for attorney fees.[1] Sanchez appeals.

Sanchez argues that Johnson waived her right to seek attorney fees by submitting significant new items of damage during the trial that were not set forth in the statement of claim. Alternatively, Sanchez argues that the district court abused its discretion in determining the amount of attorney fees to award Johnson.

## II.

## ANALYSIS

### A. Waiver of Attorney Fees

Sanchez asserts that Johnson waived her right to seek attorney fees by submitting evidence and testimony to the jury showing damages in an amount above that listed in the statement of claim. Idaho Code Section 12–120(4) provides:

In actions for personal injury, where the amount of plaintiff's claim for damages does not exceed twenty-five thousand dollars ($25,000), there shall be taxed and allowed to the claimant, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees. For the plaintiff to be awarded attorney's fees for the prosecution of the action, writ-

---

1. The district court awarded Johnson costs, interest, and attorney fees, however, Sanchez does not challenge the award of costs and interest on appeal.

ten demand for payment of the claim and a statement of claim must have been served on the defendant's insurer, if known, or if there is no known insurer, then on the defendant, not less than sixty (60) days before the commencement of the action; provided that no attorney's fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, prior to the commencement of the action, an amount at least equal to ninety percent (90%) of the amount awarded to the plaintiff.

The term "statement of claim" shall mean a written statement signed by the plaintiff's attorney, or if no attorney, by the plaintiff which includes:

(a) An itemized statement of each and every item of damage claimed by the plaintiff including the amount claimed for general damages and the following items of special damages: (i) medical bills incurred up to the date of the plaintiff's demand; (ii) a good faith estimate of future medical bills; (iii) lost income incurred up to the date of the plaintiff's demand; (iv) a good faith estimate of future loss of income; and (v) property damage for which the plaintiff has not been paid.

(b) Legible copies of all medical records, bills and other documentation pertinent to the plaintiff's alleged damages.

*If the plaintiff includes* in the complaint filed to commence the action, or *in evidence offered at trial,* a different alleged injury or *a significant new item of damage not set forth in the statement of claim, the plaintiff shall be deemed to have waived any entitlement to attorney's fees under this section.*

(Emphasis added.)

■ At issue in this case is the application of the italicized portion of that statute. The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde,* 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct.App.2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Zener,* 135 Idaho at 355, 17 P.3d

at 299. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388; *Zener,* 135 Idaho at 355, 17 P.3d at 299.

Sanchez contends that under the plain meaning of "significant new item of damage," when Johnson presented evidence at trial as to damages for amounts greater than those listed in the statement of claim, Johnson waived her entitlement to attorney fees. As Sanchez explains, in Johnson's statement of claim, Johnson submitted damages in the amount of $3,500 for future medical bills. However, at trial Johnson presented videotape deposition testimony of a doctor who speculated in response to an open-ended question that Johnson's future medical bills could cost as little as $15,000 but could reach as high as $100,000. Additionally, Johnson listed damages for lost income as $288 in the statement of claim but, at trial, submitted evidence of lost income of $1,900. Also in the statement of claim, Johnson listed $16,400 for general damages but, during closing arguments, Johnson's attorney did not specify an amount. Sanchez argues that these increases are significant new items of damage because they involve an amount substantially greater than that originally demanded.

Sanchez raised the issue of whether significant new items of damage were offered at trial in his motion to disallow attorney fees. In addressing the motion, the district court stated:

Having reviewed the evidence, as well as the statement of claim, it is this Court's determination that [Johnson] did not offer evidence at trial of a different injury or of a significant new item of damage. However, there is no doubt that [Johnson] did submit evidence at trial which would have permitted the jury to award an amount of damages in excess of the amount set forth in the statement of claim. Even if one were to classify such evidence as constituting a "new item of damage," the amount in question was such that it did not constitute a "significant" new item of damage. Based on the foregoing, it is the determination of this Court that [Johnson] did not waive

attorney fees and is, pursuant to the provisions of I.C. § 12–120(4), entitled to the same.

■ No Idaho case law exists construing the phrase "significant new item of damage not set forth in the statement of claim." However, I.C. § 12–120(4)(a) outlines the requirements for a statement of claim, which includes a statement for general damages and certain "items" of special damages such as medical bills and future lost wages. Johnson complied with the requirements in I.C. § 12–120(4)(a). At trial, Johnson did not present evidence of items not listed in the statement of claim, such as property damage. Johnson only offered evidence with respect to those items already listed in the statement of claim. Nevertheless, Johnson provided evidence of an increased amount of damages. Thus, we must determine whether the offering evidence of different amounts of damages in this case constituted a significant new item of damage.

■ Idaho Code Section 12–120(4) presumes that the amount of damages may change from the time the statement of claim is drafted to the date of trial. For instance, the statute requires that the plaintiff include a "good faith estimate" of future medical bills and of future loss of income. It does not require that the plaintiff list the precise amount that will later be presented at trial. In personal injury cases such as this one, it may be years after the statement of claim is submitted before the case reaches trial and the parties present evidence of damages. Even if a plaintiff submits a statement of claim with his or her good faith estimate of damages, at the time of trial the plaintiff may have incurred more damages that were not earlier foreseen and may have a more accurate estimate of the amount of future damages because of intervening developments. Therefore, although Johnson presented evidence of an increased amount of damages at trial, this does not in itself constitute a waiver of attorney fees. Having reached this conclusion on the plain meaning of "significant new items of damage not set forth in the statement of claim," we cannot conclude that the district court abused its discretion in its findings. Where a trial court's findings are not clearly erroneous and where the trial court properly identifies and applies the law to the facts, then the trial court's exercise of discretion has not been abused. *Crawford v. Pacific Car & Foundry Co.*, 112 Idaho 820, 822, 736 P.2d 872, 874 (Ct.App.1987).

■ However, this conclusion does not preclude a trial court from finding, based on the presentation of evidence at trial of an increase in the amount of damages, that the plaintiff did not provide a good faith estimate in his or her statement of claim. The good faith language found in the statute protects against abuses of the statute, such as the purposeful withholding of all relevant medical bills or anticipated future damages. Thus, even though a district court may find that there were no significant new items of damage presented at trial that were not set forth in the statement of claim, the district court may still preclude an award of attorney fees based upon the plaintiff's lack of good faith. Such is not the case here. We conclude that a plaintiff's increase in the amount of damages over time does not constitute a waiver of attorney fees and, therefore, we affirm the district court's award of attorney fees to Johnson.

**B. Abuse of Discretion**

■ Sanchez argues, in the alternative, that the district court abused its discretion in determining the amount of attorney fees to award Johnson pursuant to I.C. § 12–120(4). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In this case, the district court awarded Johnson attorney fees in the amount of $24,434.80. It is undisputed that the district court correctly perceived the issue as one of

discretion, but Sanchez contends that there is no evidence that the district court considered all of the factors set forth in I.R.C.P. 54(e)(3).[2] Sanchez also argues that the facts support the conclusion that the district court did not reach its decision by an exercise of reason.

In its order awarding costs and attorney fees, the district court stated:

> This Court has reviewed the affidavit of [Johnson's] counsel with reference to the amount of claimed attorney fees, as well as those factors set forth in I.R.C.P. 54(e). Having considered those matters, and recognizing the issue to be one of discretion, [Johnson] is hereby awarded attorney fees, which this Court determines to be reasonable, in the sum of $24,434.80.

Thus, the district court specifically represented that it reviewed the affidavit of Johnson's counsel and the factors set forth in Rule 54(e)(3). The affidavit submitted by Johnson's counsel contained a narrative of counsel's billing practices and a description of the work completed in Johnson's case. In the affidavit, counsel addressed the factors set forth in Rule 54(e)(3) and attached detailed billing records in support of Johnson's claim for attorney fees. Considering the district court's order, the affidavit submitted by Johnson's counsel and the record before us, we conclude that the district court correctly perceived the issue as one of discretion, acted within the boundaries of that discretion, and reached its decision by exercise of reason. Therefore, the district court did not abuse its discretion in awarding attorney fees to Johnson in the amount of $24,434.80.

### C. Costs and Attorney Fees on Appeal

Johnson requests costs and attorney fees on appeal pursuant to I.C. § 12–120(4) and I.A.R. 41. This Court upheld the award of attorney fees below under I.C. § 12–120(4). Therefore, Johnson is entitled to an award of costs and attorney fees on appeal. *See Miller v. St. Alphonsus Regional Medical Ctr., Inc.,* 139 Idaho 825, 839, 87 P.3d 934, 948 (2004).

### III.

### CONCLUSION

The district court's determination that Johnson had not presented "significant new items of damage" is supported by the record, and therefore there was not a waiver of attorney fees under I.C. § 12–120(4). Additionally, the district court did not abuse its discretion in determining the amount of attorney fees to award Johnson pursuant to I.C. § 12–120(4). Accordingly, the district court's order awarding costs and attorney fees to Johnson is affirmed. We award costs and attorney fees to Johnson on appeal.

Chief Judge LANSING and Judge GUTIERREZ, concur.

---

**2.** Idaho Rule of Civil Procedure 54(e)(3) provides that, in the event the court grants attorney fees in a civil action, it must consider the following factors in determining the amount of such fees:

(A) The time and labor required.

(B) The novelty and difficulty of the questions.

(C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.

(D) The prevailing charges for like work.

(E) Whether the fee is fixed or contingent.

(F) The time limitations imposed by the client or the circumstances of the case.

(G) The amount involved and the results obtained.

(H) The undesirability of the case.

(I) The nature and length of the professional relationship with the client.

(J) Awards in similar cases.

(K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.

(L) Any other factor which the court deems appropriate in the particular case.