141 P.3d 1164

STATE of Idaho, Plaintiff–Respondent,

v.

Ralph B. HILLMAN, Defendant–Appellant.

No. 32547.

Court of Appeals of Idaho.

June 14, 2006.

Review Denied Aug. 24, 2006.

**296**

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Ralph B. Hillman entered an *Alford*[1] plea to lewd conduct with a minor under sixteen, I.C. § 18–1508, and sexual abuse of a child under sixteen, I.C. § 18–1506. In exchange for his pleas, additional charges were dismissed. The district court sentenced Hillman to a unified life sentence, with a minimum period of confinement of ten years, for lewd conduct with a minor under sixteen and a concurrent unified sentence of fifteen years, with a minimum period of confinement of ten years, for sexual abuse of a child under sixteen. The district court also imposed a $5,000 civil judgment, in which interest on

any unpaid amount was included. Hillman filed an I.C.R 35 motion, which the district court denied. Hillman appeals, asserting the excessiveness of his sentences, the denial of his Rule 35 motion, and the interest assessed upon his civil judgment.

 Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez,* 121 Idaho 114, 117–18, 822 P.2d 1011, 1014–15 (Ct.App.1991); *State v. Lopez,* 106 Idaho 447, 449–51, 680 P.2d 869, 871–73 (Ct.App.1984); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hillman's Rule 35 motion. An order denying a motion for reduction of a sentence under Rule 35 is reviewed for an abuse of discretion. If the sentence is found to be reasonable at the time of pronouncement, the defendant must then show that it is excessive in view of the additional information presented with the motion for reduction. *Hernandez,* 121 Idaho at 117, 822 P.2d at 1014. Upon review of the record before the district court at the time of the denial of Hillman's Rule 35 motion, we conclude no abuse of discretion has been shown.

Finally, we review Hillman's assertion that the district court erred in applying interest to his fine of $5,000, imposed by the district court pursuant to I.C. § 19–5307, as doing so causes the fine to exceed the statutory maximum. The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde,* 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct.App.2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger,* 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990); *Zener,* 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a

1. *See North Carolina v. Alford,* 400 U.S. 25, 91     S.Ct. 160, 27 L.Ed.2d 162 (1970).

statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Watkins Family,* 118 Idaho at 540, 797 P.2d at 1388; *Zener,* 135 Idaho at 355, 17 P.3d at 299.

■ Idaho Code Section 19-5307 allows a court to impose an additional fine upon any defendant found guilty of lewd conduct with a child under the age of sixteen. The fine imposed may not exceed $5,000. I.C. § 19-5307(1). The fine operates as a civil judgment and shall be set forth as a separate written order distinct from, and in addition to, any other sentence imposed. *Id.* All money judgments entered by a court of competent jurisdiction and pursuant to statutory authority may bear interest at the rate provided by law. *See Strand v. Despain,* 79 Idaho 304, 306, 316 P.2d 262, 263 (1957); *Bonaparte v. Neff,* 122 Idaho 714, 717, 838 P.2d 317, 320 (Ct.App.1992). Idaho Code Section 28-22-104(2) sets forth the legal rate of interest on all money due on the judgment of any competent court.

The plain meaning of I.C. § 19-5307 is that any fine imposed pursuant to the statute is to be treated as a civil money judgment. Consequently, like other civil money judgments, the fine imposed on Hillman by the district court is subject to accrual of interest until paid in full. The civil judgment is a separate document which can then be recorded for the purposes of collection. Hillman correctly notes the maximum fine that can be imposed under I.C. § 19-5307 is $5,000. However, nothing in the statute indicates the maximum amount the judgment debtor must ultimately be responsible for is limited to $5,000 or that the fine would be exempted from accruing interest. We conclude the district court imposed a fine that met the statutory maximum and, as the fine was a civil judgment, properly ordered the fine be subject to accrual of interest at the rate determined by law.

Therefore, Hillman's judgment of conviction and sentence, the district court's order denying Hillman's Rule 35 motion, and the interest assessed upon Hillman's civil judg-

ment pursuant to I.C. § 19-5307 are affirmed.

Judge LANSING and Judge GUTIERREZ concur.