## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39129

IN THE MATTER OF THE ESTATE OF VIVIAN WIGGINS AND EMERSON D. WIGGINS, DECEASED.

--------------------------------------------------------

STATE OF IDAHO, DEPARTMENT OF HEALTH & WELFARE,

    Petitioner-Appellant-Cross Respondent,

v.

LYNN WIGGINS, personal representative of THE ESTATE OF VIVIAN WIGGINS and EMERSON D. WIGGINS,

    Respondent-Cross Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, June 2013 Term

2013 Opinion No. 85

Filed: August 9, 2013

Stephen W. Kenyon, Clerk

---

Appeal from the district court of the Third Judicial District of the State of Idaho, Washington County. Hon. Linda Copple Trout, presiding,

The order of the district court is <u>reversed</u> and this case is <u>remanded</u> for further action consistent with this Opinion. Costs on appeal are awarded to Appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorneys for Appellant. W. Corey Cartwright argued.

R. Brad Masingill, Weiser, attorney for Respondent.

---

W. JONES, Justice

### I. NATURE OF THE CASE

This is an appeal from an order disallowing the Idaho Department of Health and Welfare's ("the Department") attempt to recover assets in a probate proceeding as authorized by I.C. § 56-218. The Department seeks to recover assets of a deceased Medicaid recipient, Vivian Wiggins ("Vivian"), from the estate of Vivian's deceased spouse, Emerson Wiggins ("Emerson"), for medical assistance payments made on Vivian's behalf. The magistrate court held that the Department could not reach the separate property of Emerson, a decision which was affirmed by the district court. The Department appeals to this Court.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Vivian and Emerson Wiggins were a married couple. Vivian passed away on January 30, 2009, and Emerson passed away on February 9, 2009. In June 2002, at the age of 90, Vivian was admitted to a nursing home. On November 18, 2002, Vivian and Emerson applied for medical assistance to help pay for Vivian's medical care. They applied again on August 27, 2003. On September 1, 2003, Vivian became eligible for Medicaid, and the Department paid at least $272,134 for Vivian's care. The Department received a voluntary payment of $7,460 in April of 2008.

On May 21, 2009, a joint probate estate for Vivian and Emerson ("the Estate") was opened. The inventory of the Estate showed assets of $78,659. The Department, on November 23, 2009, filed a claim against the Estate for medical assistance paid on Vivian's behalf in the amount of $264,674. On November 30, 2009, the personal representative of the Estate filed a Notice of Disallowance of claim. The trial court heard the Department's petition on February 3, 2010. In open court, the parties stipulated that the Department treated Vivian as though she had entered into a Marriage Settlement Agreement ("MSA") with Emerson for the purpose of Medicaid eligibility. The admitted purpose of the MSA, though the document was never found, was to transfer any assets over $3,000 that Vivian held as community property with Emerson to Emerson as his separate property so Vivian would be eligible for Medicaid. The trial court found that the assets of the Estate were Emerson's separate property on the basis that the MSA transmuted Vivian and Emerson's community property except for $3,000 into the separate property of Emerson. The trial court found that Emerson had no legal obligation to repay the Department from his "separate property" for Vivian's care. The trial court filed its decision on March 30, 2010. On April 7, 2010, the Department filed its notice of Appeal to the district court.

On July 20, 2011, the district court entered its decision on appeal. The district court affirmed the trial court. The district court held that the ultimate issue was whether I.C. § 56-218 and 42 U.S.C. § 1396p defined the Medicaid recipient's estate to include the transmuted separate property of a surviving spouse. The district court held that Idaho has not defined an individual's estate to include the separate property of a surviving spouse because Idaho permits the transmutation of property for Medicaid eligibility and Idaho's community property laws provide that the separate property of a spouse is not subject to the debts of the community. Therefore, the district court held that the Department was required to take action to void the MSA before it

2

could seek to recover from Emerson's separate property. The Department filed a notice of appeal with this Court on August 25, 2011.

### III. ISSUES ON APPEAL

1. Whether the district court erred when it concluded that I.C. § 56-218(1) and 42 U.S.C. § 1396p prohibited the Department from recovering from Vivian's community property when that property was transmuted to Emerson as separate property for purposes of making Vivian eligible for Medicaid.

2. Whether the Estate is entitled to an award of attorney fees and costs below pursuant to I.C. § 12-117 or I.C. § 12-121.

3. Whether the Estate is entitled to attorney fees on appeal pursuant to .C. § 12-117 or I.C. § 12-121.

### IV. STANDARD OF REVIEW

The interpretation of a statute is a question of law over which this Court exercises free review. *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008).

### V. ANALYSIS

**A.    The district court erred when it concluded that I.C. § 56-218(1) and 42 U.S.C. § 1396p did not permit the Department from recovering from Vivian's community property when that property was transmuted to Emerson as his separate property for the purpose of making Vivian eligible for Medicaid without the Department first setting aside the MSA.**

The Department argues that I.C. § 56-218 permits it to recover from either the estate of the Medicaid recipient or the estate of the recipient's surviving spouse regardless of whether the property is community or separate. The Department also argues that the district court erred when it concluded that IDAPA 16.03.09.905.05—which specifically provides that an MSA will not preclude recovery—was deleted in 2010 because this rule was not deleted, just renumbered. The Department argues that permitting such recovery is consistent with federal law because 42 U.S.C. § 1396p(h)(1) expanded the scope of recovery by expanding the definition of "assets" to include assets that were shifted away from the recipient spouse so said spouse could be eligible for Medicaid.

The Estate argues that I.C. § 56-218 does not permit the recovery of separate property of a recipient's surviving spouse. The Estate acknowledges that I.C. § 56-218(1) permits recovery against the recipient's spouse but argues that the definition is lacking because it does not define

3

what is included in the estate. The Estate contends that the legislature only contemplated recovery against the community property of the recipient's surviving spouse; particularly, the Estate argues that there is no distinction between what was always the separate property of the surviving spouse and what was once community property. Finally, the Estate argues that federal law does not resolve this issue because it permits the States to expand the definition of what constitutes an asset for purposes of recovery, but Idaho was not explicit in allowing recovery against the surviving spouse's separate property.

The magistrate court rejected the Department's interpretation that all property transferred to the spouse after the look-back period can be recovered. The magistrate court rejected the Department's argument that any arrangement or transfer occurring after the look-back date constituted an asset provided for by statute. Finally, the magistrate court concluded that the legislature intended to permit parties to use an MSA to "avoid repayment." Since, those agreements are not effective on death, they are not included within assets recoverable as defined by statute.

On appeal to the district court, the district court ultimately concluded the issue was whether the transmuted property was included in the "estate" under Idaho and federal law. The district court noted that federal law permits States to broaden the "estate" for the purposes of recovery to include assets in which the recipient had an interest at the time of death. The district court likewise concluded that an "asset" likely includes property transmuted by an MSA. However, the district court held that because *Idaho Dep't of Health & Welfare v. Jackman*, 132 Idaho 213, 970 P.2d 6 (1998), does not directly address this issue, and because Idaho community property laws provide that the separate property of a spouse is not subject to the community debt, the Department should be required to void the MSA before seeking recovery from the separate property of Emerson.

> The interpretation of a statute is a question of law over which this Court exercises free review. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001). Interpretation of a statute begins with an examination of the statute's literal words. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations. *Albee v. Judy*, 136 Idaho 226, 231, 31

4

P.3d 248, 253 (2001). *Idaho Conservation League, Inc. v. Idaho State Dep't of Agric.*, 143 Idaho 366, 368, 146 P.3d 632, 634 (2006). "Moreover, unless a contrary purpose is clearly indicated, ordinary words will be given their ordinary meaning when construing a statute." *Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 123 Idaho at 415, 849 P.2d at 88 (citing *Bunt v. City of Garden City*, 118 Idaho 427, 430, 797 P.2d 135, 138 (1990)). In construing a statute, this Court will not deal in any subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the legislature, based on the whole act and every word therein, lending substance and meaning to the provisions. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539–40, 797 P.2d 1385, 1387–88 (1990).

*Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008).

The Medicaid program is a "cooperative endeavor [with the States] in which the Federal Government provides financial assistance to participating States to aid them in furnishing health care to needy persons." *Harris v. McRae*, 448 U.S. 297, 308 (1980). Under this program, States make legislation and rules, which are submitted to the U.S. Secretary of Health and Human Services for approval. 42. U.S.C. 1396a(a)–(b). The States receive federal payments for the program, but such payments are conditioned on various federal rules governing when and to what extent payments may be recovered from individuals. 42 U.S.C. § 1396p. With respect to Medicaid, Congress did not intend to occupy the entire Medicaid field of law because federal law calls for participation with States and the enacting of state law. *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 472, 283 P.3d 785, 789 (2012).

> 1.     *Federal Medicaid Law*

The federal provision governing Medicaid recovery is 42 U.S.C. § 1396p(b)(1), which provides in relevant part:

> [T]he State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals . . . . (B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate . . . .

Federal law defines the term "estate" as follows:

> [T]he term "estate", with respect to a deceased individual—(A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law; and (B) may include, at the option of the State (and shall include, in the case of an individual to whom paragraph

5

(1)(C)(i) applies), any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), *including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.*

42 U.S.C. § 1396(p)(b)(4) (emphasis added). Federal law goes on to define "assets" in the general definitions provisions on § 1396p as follows:

[T]he term "assets", with respect to an individual, includes all income and resources of the individual and of the individual's spouse, including any income or resources which the individual or such individual's spouse is entitled to but does not receive because of action—(A) by the individual or such individual's spouse . . . .

42 U.S.C. § 1396(p)(h)(1).

2. *Idaho Medicaid Law*

The Idaho counterpart of the federal Medicaid Law is I.C. § 56-218. Idaho Code § 56-218(1) provides for the recovery of certain assistance provided by Medicaid:

Except where exempted or waived in accordance with federal law medical assistance pursuant to this chapter paid on behalf of an individual who was fifty-five (55) years of age or older when the individual received such assistance may be recovered from the individual's estate, *and the estate of the spouse*, if any, for such aid paid to either or both . . . .

(Emphasis added). Idaho Code §56-218(4) defines "estate" as follows:

[T]he term "estate" shall include: (a) All real and personal property and other assets included within the individual's estate, as defined for purposes of state probate law; and (b) Any other real and personal property and other assets in which the individual had any legal title or interest at the time of death, to the extent of such interest, *including* such assets *conveyed* to a survivor, heir or assign, of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement.

(Emphasis added). Idaho law grants the Department the authority to promulgate rules regarding Medicaid benefits. I.C. § 56-202(b). The Department adopted the following regulation further clarifying what assets are considered part of the estate for purposes of recovery:

Limits on the Department's claim against the assets of a deceased participant or spouse are subject to Section 56-218 and 56-218A, Idaho Code. A claim against the estate of a spouse of a participant is limited to the value of the assets of the estate that had been, *at any time after October 1, 1993, community property*, or

6

the deceased's participant's share of the separate property, and jointly owned property . . . .

IDAPA 16.03.09.905.01 (emphasis added).[1] The Department also enacted a regulation dealing with the effect of an MSA. That regulation provides as follows:

> A marriage settlement agreement or other such agreement which separate assets for a married couple *does not eliminate the debt against the estate of the deceased participant or the spouse*. Transfers under a marriage settlement agreement or other such agreement may be voided if not for adequate consideration.

IDAPA 16.03.09.905.05 (emphasis added).[2] The Department's rules have the same force and effect as law. *Mallonee v. State*, 139 Idaho 615, 619, 84 P.3d 551, 555 (2004).

This Court has reviewed both the Idaho and federal Medicaid laws and held that while 42 U.S.C. § 1396p(b)(1) allows for recovery against only the individual's estate, I.C. § 56-218(1) permits recovery against both the individual's estate and the estate of the surviving spouse; an expanded scope of recovery that this Court has held is permitted by federal law. *McCormick*, 153 Idaho at 474, 283 P.3d at 791. This Court had the opportunity in *McCormick* to review IDAPA 16.03.09.905.01 and whether assets that were once community property but transmuted were available for recovery. This Court held that

> [i]n light of the ambiguously inclusive nature of 42 U.S.C. § 1396p(b)(4)(B) and the plain definition of assets in 42 U.S.C. § 1396(h)(1), we cannot find that federal law preempts the State from providing for recovery of assets from both spouse's estates under I.C. § 56-218(1), *including assets that were community property during the marriage*.

*McCormick*, 153 Idaho at 477, 283 P.3d at 794 (emphasis added) (discussing specifically the fact that IDAPA 16.03.09.905.01 permitted recovery against assets in which the recipient spouse no longer held an interest at the time of his or her death and not finding this fact fatal to the effect of said regulation). *McCormick* further affirms the dicta of *Idaho Dep't of Health & Welfare v. Jackman*, 132 Idaho 213, 970 P.2d 6 (1998), on which the district court declined to rely. In *Jackman*, this Court held that the Department could not recover assets from the surviving

---

[1] The district court on appeal found that this regulation was deleted in 2010. Prior to 2010, this regulation was in effect but was coded as IDAPA 16.03.09.900.20. IDAPA 16.03.09.905.01 is currently in effect and uses the exact same language as IDAPA 16.03.09.900.20.

[2] The district court on appeal found that this regulation was deleted in 2010. Prior to 2010, this regulation was in effect but was coded as IDAPA 16.03.09.900.24 IDAPA 16.03.09.905.05 is currently in effect and uses the exact same language as IDAPA 16.03.09.900.24.

spouse's separate property where that property was once community property and was transmuted into his separate property because the expanded definition of "other assets" in the federal Medicaid law was not effective until October 1, 1993. *Id.* at 217, 970 P.2d at 10. The district court did not have the benefit of *McCormick* when it rendered its decision in this matter because *McCormick* was decided after the district court's decision.

In *Jackman*, an MSA was signed between two spouses transmuting most of the wife's community property into the separate property of wife's husband. The Department sought to recover money from the estate of the husband who survived wife. This Court held that the Department was unable to recover from the husband's separate property because federal law, as it existed in 1993, did not permit such recovery. Under federal law, as it then existed, assets could be excluded from recovery if disposed of before August 10, 1993. The MSA was executed before that date, and therefore the assets transmuted by the MSA were excluded. This Court found that the 1993 amendment to the federal Medicaid law broadened the definition of assets, but the broadened definition of assets was not applicable because the MSA was executed before August 10, 1993. Therefore, the department was unable to recover from the transmuted separate property of the husband. *Id.* at 215–17, 970 P.2d at 8–10. This Court did not find it necessary for the Department to take action to void the MSA. *See generally id.*

### 3. The Department can recover from the community property transmuted to Emerson's "separate property."

We hold that the Department can recover from Vivian's community property that was transmuted to Emerson's separate property for purposes of Medicaid eligibility. It is undisputed that in order for Vivian to become eligible for Medicaid she was required to transmute community property into Emerson's separate property. Idaho law specifically provides for the use of an MSA so as to hasten the eligibility of a person to receive medical assistance. In order for Vivian to become eligible, the parties entered an MSA. MSAs are recognized under Idaho law. I.C. § 32-916 *et seq*. There is no dispute that the MSA had the effect of removing Vivian's community property from her estate for purposes of Medicaid eligibility, a transfer contemplated and permitted by 42 U.S.C. 1396p(c)(2)(B)(i). However, the issue is whether it had the effect of removing the community property from the estate for purposes of recovery.

Idaho law clearly provides that the Department can recover from the estate of a surviving spouse. Therefore, contrary to the Estate's contention, it is not necessary for a surviving spouse to agree to be bound by the Medicaid debt before the Department can recover. The issue

becomes whether community property that is transmuted into the separate property of the surviving spouse is considered part of the estate for purposes of recovery. We find that the statute contemplates such recovery. Federal law has granted States the authority to broaden the "estate" for purposes of recovering medical assistance. 42 U.S.C. § 1396p(B). The district court suggests this broadening of the "estate" is limited to the property in which the recipient had an interest at the time of death. However, Medicaid is a cooperative program between the federal government and the States. This Court has held that federal law does not completely preempt State law and occupy the field of Medicaid. *McCormick*, 153 Idaho at 471, 283 P.3d at 788. Therefore, Idaho law is effective so long as it is consistent with the policy of federal law. *Id.*

Idaho has enacted laws regarding Medicaid and granted the Department the authority to promulgate rules for Medicaid, which have the effect of law. I.C. § 56-202(b). To begin, Idaho has likewise expanded the definition of "estate" to include any asset in which the recipient had a legal interest at the time of his or her death. Federal law defines asset to include an item to which the recipient would be entitled *but for the* actions of the recipient or the recipient's spouse. Though this is a broad definition of an asset, the State has clarified that such an asset includes property that was transmuted for Medicaid eligibility, and it specifically provides for the recovery of such assets transmuted by an MSA.[3]

The district court further held that community property transmuted into community property by an MSA so as to enable a person to qualify for Medicaid, is only recoverable if the Department takes some action to void the MSA. In reaching this conclusion, the district court relied on the language of the previously numbered IDAPA 16.03.09.900.24, which it believed to have been deleted in 2010, which provides that "[t]ransfers under a marriage settlement agreement or other such agreement may be voided if not for adequate consideration." Because the MSA is voidable and not void, the MSA is effective to transmute property and must be set

---

[3] The Magistrate court found that the transmuted property was not this form of an asset because it was unlike a joint tenancy, survivorship, joint tenancy, tenancy in common, life estate, or living trust where the property transferred automatically at death. This distinction is erroneous because the statute does not articulate such a limitation, and such interpretation disregards IDAPA 16.03.09.905.01.

Such an interpretation also disregards the use of "other arrangement." If "other arrangement" is limited to a situation where the interest is transferred automatically at death, then other arrangement will lack any meaning and is contrary to this Court's rules of construction. Finally, the magistrate court's distinction is erroneous because not all of the transfers listed in the statute are effectuated upon death. With respect to a living trust, a living trust is created immediately, and the legal title passes immediately to the trust. *Estate of Hull v. Williams*, 126 Idaho 437, 443, 885 P.2d 1153, 1159 (Ct. App. 1994). At the time of death, no legal interest passes at death.

9

aside to recover from the estate, the district court concluded. We conclude that such an approach is inconsistent with the policy of Medicaid.

The policy of permitting the transmutation of community property into the separate property of the surviving spouse is to enable the Medicaid recipient to receive the medical assistance he or she needs, and to leave the surviving spouse assets for his or her support. Indeed, this Court has clarified that Medicaid is not meant to serve only the indigent but those whose resources are insufficient to pay for medical services. *Stafford v. Idaho Dep't of Health & Welfare*, 145 Idaho 530, 534, 181 P.3d 456, 460 (2008). However, the legislature clearly did not intend for persons to be able to transfer all property from their estate without consideration because it included a look-back provision in the Idaho Medicaid statute. I.C. § 56-218(2).[4] Finally, such a transaction is clearly contemplated by federal law: "An individual shall not be ineligible for medical assistance . . . to the extent that . . . the assets [ ] were transferred to the individual's spouse or to another for the sole benefit of the individual's spouse." 42 U.S.C. 1396p(c)(2)(B)(i).

The district court relied on the language of the look-back statute to require that the Department take action to set aside the MSA; however, it was not required to take such action because the Idaho statute broadly defines assets and the Idaho regulation clarified that this includes transmuted property. Also, the district court's requirement that the MSA be set aside to recover is inconsistent with IDAPA 16.03.09.905.05, which provides that an MSA cannot be used to avoid a debt of the estate. Therefore, requiring an action to set aside the MSA is inconsistent with federal law and not supported by Idaho law. Thus, the Department is able to recover and is not required to seek additional action first.

4. *Recovery is not inconsistent with Idaho's community property laws.*

Both the district and magistrate courts found that there was a tension between Idaho's Medicaid recovery statutes and Idaho's community property laws. The district court held that there is no indication that the legislature intended to sweepingly alter community property laws in Idaho and that such laws are clear that the separate property of a spouse is not liable for the debt of the other spouse.

---

[4] I.C. § 56-218(2) provides that "[t]ransfers of real or personal property, on or after the look-back dates . . . without adequate consideration are voidable and may be set aside by an action in the district court."

10

Idaho Code section 32-912 provides in part that "any community obligation incurred by either the husband or the wife without the consent in writing of the other shall not obligate the separate property of the spouse who did not so consent." This provision was added to the statute in 1974. Ch. 194, § 2, 1974 Idaho Sess. Laws 1502, 1502.

Idaho Code section 56-218 was enacted in 1988. Ch. 49, § 1, 1988 Idaho Sess. Laws 73, 73. It provided that in certain circumstances medical assistance paid on behalf of an individual who left no estate could be recovered from the estate of that individual's surviving spouse. The relevant portion of the statute stated that medical assistance paid on behalf of an individual "may be recovered from the estate, or if there be no estate the estate of the surviving spouse, if any, shall be charged for such aid paid to either or both."[5] By definition, the medical assistance was recoverable from the separate property of the recipient's surviving spouse because it could only be recovered from the surviving spouse's estate if the recipient left no estate. If the recipient left no estate, all of the surviving spouse's estate would be separate property.

In 1998, the statute was amended to remove the requirement that the recipient must have left no estate before there could be recovery from the estate of the recipient's surviving spouse. After that amendment, the relevant portion of the statute stated that such assistance "may be recovered from the individual's estate, and the estate of the spouse, if any, for such aid paid to either or both." Ch. 9, § 1, 1998 Idaho Sess. Laws 106, 106. The 1998 amendment did not limit the type of property in the estate of the spouse from which the assistance could be recovered, so it could still be recovered from the spouse's separate property.

---

[5] The statute provided:

> (1) Medical assistance pursuant to this chapter paid on behalf of an individual who was sixty-five (65) years of age or older when the individual received such assistance may be recovered from the estate, or if there be no estate the estate of the surviving spouse, if any, shall be charged for such aid paid to either or both; provided, however, that claim for such medical assistance correctly paid to the individual may be established against the estate, but there shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any, and only at a time when the individual has no surviving child who is under twenty-one (21) years of age or is blind or permanently and totally disabled. Transfers of real or personal property by recipients of such aid without adequate consideration are voidable and may be set aside by an action in the district court.

Ch. 49, § 1, 1988 Idaho Sess. Laws 73, 73.

From the date it was enacted, section 56-218 permitted recovery against the separate property of the spouse of the recipient of the medical assistance. In 1995, subsection (4) was added to section 56-281 to provide a definition for "estate." Ch. 105, § 1, 1995 Idaho Sess. Laws 336, 337.

Thus, there is a conflict between Idaho Code section 32-912 and section 56-218. When two statutes are in conflict, the one enacted later in time governs and the specific statute will control over the general statute. *Mickelsen v. City of Rexburg*, 101 Idaho 305, 307, 612 P.2d 542, 544 (1980). Section 56-218 is both the later-enacted statute and the specific statute. It therefore controls over the provision in section 32-912.

**B.      The magistrate court did not err when it declined to award attorney fees below.**

The magistrate court declined to award attorney fees. The Estate argues that it was entitled to attorney fees below pursuant to I.C. § 12-117 and I.C. § 12-121 because the Department acted without a reasonable basis in fact or law. The Estate argues that the Department unreasonably construed the Medicaid statutes and that the law clearly does not contemplate recovery against a surviving spouse's separate property.

The Department argues that the magistrate court was proper in not awarding attorney fees below because even if the Department is found not to be able to recover against the separate property of Emerson, it raised a good faith argument based on legal authority. If that authority is non-binding dicta as the district court concluded, then the issue is one of first impression.

This Court reviews the denial of attorney fees below for an abuse of discretion. *City of Osburn v. Randel*, 152 Idaho 906, 908, 277 P.3d 353, 355 (2012). Idaho Code § 12-117 provides as follows:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

The Estate is not entitled to attorney fees below pursuant to I.C. § 12-117 because it is not the prevailing party.

**C.      The Estate is not entitled to attorney fees on appeal.**

12

The Estate requests attorney fees on appeal pursuant to I.C. §§ 12-117 and 12-121. Because the Estate is not the prevailing party, it is not entitled to attorney fees on appeal.

## VI. CONCLUSION

The Department is permitted to seek recovery from Vivian's community property that was transmuted to Emerson as his separate property. The Estate was the only party to request attorney fees below and on appeal; since however, the Estate is not the prevailing party, it is not entitled to attorney fees below or on appeal. Costs on appeal are awarded to the Department as the prevailing party.

Chief Justice BURDICK and Justices EISMANN, J. JONES and HORTON **CONCUR**.