# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50302-2022

STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE,

   Plaintiff-Respondent,

v.

EARLE L. BEASON, an individual,

   Defendant-Appellant,

and

MARK BEASON, an individual; TOM BEASON, an individual; BEN BEASON, an individual; DEBBIE BEASON, an individual; THE ESTATE OF JUANITA GILBERT, Deceased; THE ESTATE OF ROBERT E. GILBERT, Deceased; JANE DOE and JOHN DOE,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2024 Term

Opinion filed: April 11, 2024

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Butte County. Darren B. Simpson, District Judge.

The judgment of the district court is <u>affirmed</u>.

Beard St. Clair Gaffney PA, Idaho Falls, for Appellant. Robert Knudsen argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Douglas Fleenor argued.

---

ZAHN, Justice.

This case concerns an action filed by the Idaho Department of Health and Welfare to set aside a transfer of real property from two Medicaid recipients, Robert Gilbert and Juanita Gilbert, to five of their grandchildren. During Robert's and Juanita's lives, the Department provided them

with Medicaid benefits that totaled more than $140,000. In 2005, Robert and Juanita executed two quitclaim deeds transferring their interest in real property to themselves and their grandchildren. Juanita died in 2015, and Robert died in 2017.

Following their deaths, the Department filed this action to set aside the two quitclaim deeds. The Department alleged that Robert's and Juanita's estates did not receive adequate consideration for the transfer of their interests in the real property, which, under Idaho law, allowed the Department to set aside the transfers. One of the five grandchildren, Earle L. Beason, argued that the Department's action was barred by the statute of limitations and, in the alternative, that Robert and Juanita received adequate consideration for their interests in the property. The district court granted the Department's motion for summary judgment and entered a judgment in favor of the Department setting aside the quitclaim deeds after concluding that the Department's action was timely and that the Department had demonstrated the absence of a genuine issue of material fact regarding adequate consideration. Earle L. Beason timely appealed. For the reasons discussed below, we affirm the district court's grant of summary judgment to the Department.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Robert owned real property in Butte County that he deeded to himself and his then-wife, Juanita, in 1990. In 2005, Robert and Juanita divorced. On the same day, Robert and Juanita executed two quitclaim deeds splitting the property and transferring their respective interests to themselves and their five grandchildren. The first deed transferred approximately half of the property to Juanita and the five grandchildren. The second deed transferred the remaining portion of the property to Robert and the five grandchildren. Both deeds state that Robert and Juanita transferred their respective interests "for valuable consideration received" but do not otherwise indicate what consideration they received in exchange for the transfers to their grandchildren.

Juanita received Medicaid benefits from 1996 until her death in 2015, totaling $137,023.29. Robert received Medicaid benefits from 2006 to 2008, totaling $3,248.31. Robert died in 2017. Robert's and Juanita's estates were probated shortly after Robert's death.

Federal law requires states participating in the Medicaid program to recover funds paid on behalf of certain individuals. *See* 42 U.S.C. § 1396p(b)(1). Pursuant to this requirement, Idaho law allows the Department to seek reimbursement for Medicaid benefits paid on behalf of an individual from that individual's estate. *See generally* I.C. § 56-218. Idaho law also allows the Department

2

to set aside transfers of real property by Medicaid recipients if the transfers are not supported by adequate consideration. *See* I.C. § 56-218(2).

In late 2017, the Department filed a $137,023.29 claim for Medicaid benefits against Juanita's estate in the probate proceedings. On January 11, 2018, Earle R. Beason,[1] acting as the personal representative of Juanita's estate, served the Department with an affidavit and inventory of Juanita's estate. A "list of known claims" was attached to the affidavit, which included a claim by Earle L. Beason for an injury he suffered in 1988. The claims list stated that, while working on the property, Earle L. was severely injured and had to be life-flighted to the hospital, which resulted in substantial medical bills. The claims list also stated that Robert and Juanita did not have insurance but, "in taking responsibility," agreed to transfer the real property to the five grandchildren. Also attached to the affidavit was an inventory of Juanita's property, which identified real property in Butte County owned by Juanita and the five grandchildren. In early February 2018, the Department requested and obtained copies of the two quitclaim deeds that are the subject of this appeal.

On February 1, 2021, the Department filed this action against Robert's estate, Juanita's estate, and the five grandchildren to set aside the two quitclaim deeds. The Department alleged that Robert and Juanita received recoverable Medicaid benefits. The Department also alleged that Robert and Juanita transferred a portion of their interest in the real property to the five grandchildren without receiving any consideration in return. The Department, therefore, asserted that the two quitclaim deeds should be set aside pursuant to Idaho Code section 56-218(2).

All the defendants except Earle L. admitted in their answers that Robert and Juanita transferred the property to the five grandchildren without consideration. Earle L. denied that the 2005 transfer lacked adequate consideration. The Department and Earle L. then filed cross-motions for summary judgment. Earle L. argued that the Department's claims were barred by the applicable statute of limitation. The Department argued that there was not a genuine issue of material fact that Robert and Juanita transferred the property to the five grandchildren without consideration. The district court concluded that the Department's action was timely filed and that the Department had established there was no genuine issue of material fact that Robert and Juanita had transferred the property to their grandchildren without receiving adequate consideration. The district court

---

[1] Earle R. Beason is Juanita's son and the father of the five grandchildren, including Appellant Earle L. Beason. Earle R. was not a named defendant in the set-aside action and therefore is not a party to this appeal.

3

therefore denied Earle L.'s motion for summary judgment, granted the Department's motion for summary judgment, and entered a judgment in favor of the Department setting aside the quitclaim deeds. Earle L. timely appealed.

## II.     ISSUES ON APPEAL

1. Whether the district court erred in concluding that the Department's action to set aside the quitclaim deeds was timely.

2. Whether the district court erred in granting the Department's motion for summary judgment.

## III.     STANDARDS OF REVIEW

"The determination of the applicable statute of limitations is a question of law[.]" *Berian v. Berberian*, 168 Idaho 394, 410, 483 P.3d 937, 953 (2020) (citation omitted). "Interpretation of a statute is a question of law." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 222, 519 P.3d 1152, 1162 (2022) (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)). "This Court exercises free review over questions of law." *Id.* (citing *Latvala v. Green Enters., Inc.*, 168 Idaho 686, 695, 485 P.3d 1129, 1138 (2021)).

"When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion." *Mendenhall v. Aldous*, 146 Idaho 434, 436, 196 P.3d 352, 354 (2008). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "The burden of establishing the absence of a genuine issue of material fact rests at all times with the party moving for summary judgment." *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009). "When deciding a motion for summary judgment, '[a]ll disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party.'" *Hilliard v. Murphy Land Co.*, 158 Idaho 737, 743, 351 P.3d 1195, 1201 (2015) (alteration in original) (citation omitted). "A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Jenkins v. Boise Cascade Corp.*, 141 Idaho 233, 238, 108 P.3d 380, 385 (2005). "If there is no genuine issue of material fact, only a question of law remains, over which this Court exercises free review." *Demoney-Hendrickson v. Larsen*, 171 Idaho 917, 921, 527 P.3d 520, 524 (2023) (citation omitted).

# IV.  ANALYSIS

**A.  The Department's set-aside action was timely filed pursuant to Idaho Code section 5-224.**

Earle L.'s first argument on appeal is that the Department's action to set-aside the deeds was untimely. Determining the applicable statute of limitations requires us to analyze the estate recovery provisions of the Medicaid program. The Medicaid program is a cooperative endeavor between the federal and state governments in which the federal government provides financial assistance to participating states to aid them in furnishing health care to those in need. *In re Est. of Wiggins*, 155 Idaho 116, 119, 306 P.3d 201, 204 (2013) (citation omitted). "Under this program, States make legislation and rules, which are submitted to the U.S. Secretary of Health and Human Services for approval." *Id.* "The States receive federal payments for the program, but such payments are conditioned on various federal rules governing when and to what extent payments may be recovered from individuals." *Id.* (citing 42 U.S.C. § 1396p).

Relevant here, federal law requires states participating in the Medicaid program to recover funds paid on behalf of certain individuals. *See* 42 U.S.C. § 1396p(b)(1). This includes recovering funds from the estates of those who received Medicaid benefits while over the age of fifty-five. 42 U.S.C. § 1396p(b)(1)(B). Pursuant to this federal requirement, and pertinent here, Idaho enacted the Medicaid estate recovery scheme set out in Idaho Code section 56-218. Section 56-218(1) provides that the State may recover benefits paid to individuals over fifty-five from their estates. To that end, section 56-218(2) provides that "[t]ransfers of real or personal property . . . by recipients of such aid, or their spouses, without adequate consideration are voidable and may be set aside by an action in the district court." We are charged here with determining the limitation period applicable to the Department's claims, pursuant to section 56-218(2), to set aside the two quitclaim deeds executed by Robert and Juanita.

The parties do not dispute that the Department's action to set aside the two quitclaim deeds accrued on January 11, 2018, which is the date that Earle R. provided the Department with the list of claims against Juanita's estate. The Department filed this action on February 1, 2021, just over three years after its cause of action accrued. The parties' arguments on appeal concern which of three statutes of limitation—Idaho Code sections 5-202, 5-218(1), or 5-224—applies to the Department's set-aside action.

The Department contends that its claims are governed by Idaho Code section 5-202, which provides a ten-year limitation period for actions by the State for or in respect to real property by reason of the State's right or title to the property:

> The people of this state will not sue any person for or in respect to any real property or the issues or profits thereof, by reason of the right or title of the people to the same, unless:
>
> 1. Such right or title shall have accrued within ten (10) years before any action or other proceeding for the same is commenced; or,
>
> 2. The people or those from whom they claim, shall have received the rents and profits of such real property, or of some part thereof, within the space of ten (10) years.

I.C. § 5-202. Alternatively, the Department argues that its claims are governed by Idaho Code section 5-224, the catch-all statute of limitation, which provides a four-year limitation period when an action for relief is not otherwise provided for. The Department argues that its claims are timely under either statute.

Earle L. contends that the applicable statute of limitation is found in Idaho Code section 5-218(1), which provides a three-year limitation period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Earle L. contends that this statute applies because the basis for the Department's claims is upon a liability created by statute—the right to set aside the transfers pursuant to section 56-218(2).

The district court concluded that section 5-202 provided the applicable limitation period because the Department's claims were "for or in respect to . . . real property." The district court reasoned that section 5-218 did not apply because it excludes claims for a penalty or forfeiture, and the district court likened the Department's set-aside action to claims upon a penalty or forfeiture.

Earle L. argues that the district court erred in concluding that section 5-202 applies because the Department's set-aside action results from the Department's right to reimbursement for Medicaid benefits, not its "right or title" to the property. The Department argues that the district court correctly concluded that section 5-202 applies because a set-aside action is a claim with respect to real property. The Department also argues that section 5-218(1) cannot apply because a set-aside action is not an action upon a liability created by statute. The Department argues that, if the district court erred in concluding section 5-202 was the applicable statute, then the four-year catch-all limitation period in Idaho Code section 5-224 applies.

6

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 519 P.3d 1152, 1163 (2022) (quoting *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020)). Statutory interpretation begins with the literal language of the statute giving the words their plain, usual, and ordinary meaning. *See Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 881, 517 P.3d 803, 810 (2022) (citation omitted). "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Chester*, 171 Idaho at 223, 519 P.3d at 1163 (quoting *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011)). "Statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (alteration omitted).

The "appropriate statute of limitations is determined by the substance, not the form, of the action." *Nerco Mins. Co. v. Morrison Knudsen Corp.*, 140 Idaho 144, 148, 90 P.3d 894, 898 (2004) (citation omitted). "[T]he focus in Idaho is not on the remedy sought or the type of damages, but on the source of the damages." *Doe v. Boy Scouts of Am.*, 159 Idaho 103, 105 n.3, 356 P.3d 1049, 1051 n.3 (2015).

We hold that the catch-all statute of limitation in section 5-224 applies to the Department's set-aside action because neither the plain language of section 5-202 nor section 5-218(1) is applicable to the Department's claims. Beginning with section 5-202, the plain language of that provision applies a ten-year limitation period to the Department's claims "for or in respect to any real property . . . *by reason of the right or title of the people*[.]" (Emphasis added.) Section 5-202 only applies when the State has the right or title to the real property. For example, section 5-202 applies to actions by the State to quiet title. *See Ada Cnty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 368, 179 P.3d 323, 331 (2008). Although the Department's suit to set aside the two quitclaim deeds was an action "in respect to real property," the Department's claims filed in probate do not allege it has a right or title to the property nor do they seek to recover title to the real property. Rather, the relief it seeks is to set aside the quitclaim deeds so the real property is returned to Robert's and Juanita's estates, presumably so the Department can assert claims for reimbursement against those estates for the Medicaid benefits that Robert and Juanita received during their lifetimes. Accordingly, section 5-202 does not provide the applicable limitation period.

Section 5-218(1) also does not provide the applicable limitation period. Earle L. correctly notes that a "statutory liability" is liability "that depends for its existence on the enactment of the statute, and not on the contract of the parties." *State v. Ada Cnty. Dairymen's Ass'n*, 66 Idaho 317, 322, 159 P.2d 219, 220 (1945) (citation omitted). The Department may seek to set aside transfers because section 56-218(2) permits the Department to do so. Accordingly, section 56-218(2) creates a statutory liability for Medicaid recipients who transfer their real property without adequate consideration. *See id.*; I.C. § 56-218(2).

That said, section 5-218 excludes statutory liabilities for a penalty or forfeiture, and the substance of the Department's claims is a forfeiture action. Section 56-218(2) creates a right in the Department to set aside transfers of property, which results in divesting the transferee of his right to ownership. Although section 5-218(1) does not define "forfeiture," the divestiture sought here is synonymous with forfeiture. *See Forfeiture*, Black's Law Dictionary (11th ed. 2019) ("A judicial proceeding, the object of which is to effect a confiscation or divestiture."). Therefore, section 5-218 also does not provide the applicable limitation period.

When the limitation period on a claim is not otherwise provided for in another statute, the catch-all limitation period of section 5-224 applies. *Easterling v. HAL Pac. Props., L.P.*, 171 Idaho 500, 511, 522 P.3d 1258, 1269 (2023); *see also* I.C. § 5-224. Because neither section 5-202 nor section 5-218 provides the applicable limitation period, the four-year catch-all limitation period in section 5-224 applies to the Department's action. Although the district court erred in concluding that section 5-202 applied, it reached the right result because the Department's action was timely filed within the four-year limitation period of section 5-224. "Where an order of a lower court is correct, but based upon an erroneous theory, the order will be affirmed upon the correct theory." *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019) (quoting *Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984)). Accordingly, we affirm the district court's conclusion that the Department's action was timely under the right-result, wrong-theory rule. *See id.*

**B. We affirm the district court's grant of summary judgment in favor of the Department because Earle L. did not establish a genuine issue of material fact regarding adequate consideration.**

In opposition to the Department's motion for summary judgment, Earle L. asserted that he provided valuable consideration for his interest in the property. Earle L. alleged that a 1988 agreement, whereby Robert and Juanita agreed to transfer the property to avoid a lawsuit for

injuries Earle L. sustained on the property, provided adequate consideration. He also alleged that contributions he made to maintain the property provided adequate consideration.

The district court granted summary judgment to the Department after concluding that Earle L. failed to establish a genuine issue of material fact as to whether Robert and Juanita received adequate consideration for the property interest conveyed to Earle L. The district court initially addressed the admissibility of evidence of the alleged 1988 oral agreement. The district court concluded that it could not consider evidence of the 1988 agreement because the agreement violated Idaho's statute of frauds. The district court concluded that the remainder of Earle L.'s evidence consisted of conclusory statements rather than specific facts and was, therefore, insufficient to establish a genuine issue of material fact regarding adequate consideration.

Earle L. argues that the district court "incorrectly analyzed the issue through the lens of the statute of frauds." He contends that there is no dispute that he acquired the property through a valid written deed rather than an oral agreement. Earle L. argues that his testimony regarding a 1988 agreement is evidence of the "valuable consideration" identified on the face of the deed. Earle L. argues that he established a genuine issue of material fact concerning adequate consideration based on the value of his personal injury claim and his contributions to maintaining the property.

We conclude that the district court erred in deciding that the statute of frauds rendered the 1988 agreement inadmissible but affirm its decision granting summary judgment because we agree that Earle L. failed to establish a genuine issue of material fact concerning whether Robert and Juanita received adequate consideration. The statute of frauds is not a rule of evidence even though it serves an evidentiary purpose. *See Hall v. Exler*, 170 Idaho 835, 842, 517 P.3d 96, 103 (2022) (citation omitted). Instead, it is a principle of substantive law that precludes the enforcement of certain types of contracts. *Tricore Invs., LLC v. Est. of Warren ex rel. Warren*, 168 Idaho 596, 622, 485 P.3d 92, 118 (2021) ("The statute of frauds does not prevent the creation of an oral contract but precludes the contract's enforcement." (citation omitted)); *see also* 73 Am. Jur. 2d *Statute of Frauds* § 384 (Feb. 2024 update) ("[A]lthough the statute of frauds is a bar to the enforcement of certain oral contracts, it does not preclude the admission of evidence of an oral agreement for other purposes."). Indeed, the plain language of Idaho Code section 9-505, Idaho's codification of the statute of frauds, speaks to the validity of the agreement: "In the following cases *the agreement is invalid* . . . ." I.C. § 9-505 (emphasis added).

9

By applying the statute of frauds as an evidentiary rule, the district court overlooked that Earle L. is not seeking to enforce the 1988 agreement. Rather, Earle L. is alleging that the agreement is evidence that Robert and Juanita received adequate consideration for his interest in the property. The statute of frauds does not prohibit the introduction of evidence for this purpose and, therefore, the district court erred by refusing to consider Earle L.'s evidence of the 1988 agreement on that basis.

With that said, we affirm the district court's ultimate conclusion that the Department is entitled to summary judgment because Earle L. failed to establish a genuine issue of material fact concerning whether Robert and Juanita received adequate consideration. The Department met its initial burden of showing the lack of a genuine issue regarding adequate consideration. The Department alleged in its complaint that Robert and Juanita transferred the property for no consideration. Four of the grandchildren, as well as Earle R. on behalf of Juanita's estate, admitted in their answers that Robert and Juanita transferred the property without adequate consideration. This was sufficient for the Department to meet its initial burden of demonstrating the lack of a genuine issue, which then shifted the burden to Earle L. *See, e.g.*, *Franklin Bldg. Supply Co. v. Hymas*, 157 Idaho 632, 637, 339 P.3d 357, 362 (2014).

In response to the Department's motion, Earle L. submitted his own declaration, which asserts that he provided two forms of adequate consideration: (1) the alleged 1988 agreement whereby Robert and Juanita agreed to transfer the property to avoid a lawsuit for injuries Earle L. sustained on the property; and (2) Earle L.'s contributions to maintaining the property. Regarding the 1988 agreement, Earle L. explained that he was severely injured on the property when he was a child. He asserts that his parents, Earle R. and Tammy, "discussed [with Robert and Juanita] how to pay for the bills and reach[ ] an agreement." Earle L. states in his declaration that "Earle Ray and Tammy agreed that they would not sue Robert and Juanita if they agreed to turn the farm over to Ben Beason, Deborah Beason, Mark Beason, Thomas Beason, and myself. Robert and Juanita retained the right to live on and operate the farm until we were older." Earle L. then alleges that "[t]he property transfers on September 14, 2005, that are the subject of this action, were made, at least in part, to fulfill the 1988 Agreement."

Regarding contributions to maintaining the property, Earle L. states in his declaration that he "performed services on the farm in exchange for [his] property interests." Earle L. alleges that he repaired farm equipment and personally labored to improve the property. Earle L. also asserts

10

that he contributed financially to maintaining the property. Earle L. estimates that he has "contributed an average of $6,500 of personal income per year into maintaining the farm in addition to 300 hours of unpaid labor on the farm each year when not serving in the Navy, as a sailor on ship at sea, or engaged in college classes." Earle L. states that these improvements to the property "were provided with the understanding that [he] would receive an interest in the farm in exchange for the services rendered."

We agree with the district court's conclusion that Earle L.'s declaration failed to establish a genuine issue of material fact on the issue of adequate consideration. "Summary judgment proceedings are decided on the basis of admissible evidence." *Oswald v. Costco Wholesale Corp.*, 167 Idaho 540, 564, 473 P.3d 809, 833 (2020) (quoting *Campbell v. Kvamme*, 155 Idaho 692, 696, 316 P.3d 104, 108 (2013)). Accordingly, "[t]he admissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed before applying the liberal construction and reasonable inferences rule to determine whether the evidence creates a genuine issue of material fact for trial." *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012) (citing *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007)). "Declarations submitted on summary judgment 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated.'" *Mortensen v. Baker*, 170 Idaho 744, 753, 516 P.3d 1015, 1024 (2022) (quoting I.R.C.P. 56(c)(4)).

Earle L.'s statements in his declaration concerning the 1988 agreement are inadmissible due to lack of foundation. Earle L.'s declaration does not state that he was present for the discussions described in his declaration and he fails to explain how he has knowledge of the discussions or the purported agreement that his parents reached with Robert and Juanita. Accordingly, Earle L.'s statements that Robert and Juanita transferred an interest in the property to him in satisfaction of a claim he had for injuries suffered as a child are inadmissible.

Earle L.'s statements concerning his personal contributions to maintain the property do not establish a genuine issue of material fact because they are conclusory and fail to establish both the value of his contributions and an agreement with Robert and Juanita to transfer the property in exchange for his contributions. Earle L. explains in his declaration that he contributed time and effort to improve the property, but he provides little detail concerning the number of hours worked, what work was done, or the value of the hours worked. He also provides little detail concerning

any items purchased for the property. Earle L. also alleges that he "performed services on the farm in exchange for [his] property interests" and that these services "were provided with the understanding that [he] would receive an interest in the farm in exchange for the services rendered." While it may be true that Earle L. made improvements and personally contributed to the property, he does not allege when he made the improvements and contributions or that he did so due to an agreement with Robert and Juanita to transfer an interest in the property in exchange for those contributions. As a result, Earle L.'s statements fail to establish that his personal contributions to the property provided adequate consideration. Because the Department met its initial burden, and Earle L. failed to establish a genuine issue of material fact in response, the Department was entitled to summary judgment on its claims to set aside the two deeds.

Our holding today is premised on Earle L.'s failure to provide any evidence of consideration in exchange for Robert's and Juanita's transfers of real property. As a result, we need not address the parties' arguments concerning the appropriate measure of "adequate consideration" for purposes of Idaho Code section 56-218(2).

## V.    CONCLUSION

For the reasons discussed herein, we affirm the district court's grant of summary judgment in favor of the Department. The Department is the prevailing party in this matter and, as such, is entitled to an award of costs pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.